**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**THE SAMUEL LAW FIRM**
Michael Samuel (MS 7997)
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
michael@thesamuellawfirm.com

Attorneys for Plaintiff,

| | |
|---|---|
| Maximilian Sisalli, | DOCKET NO. _____ |
| Plaintiff, | |
| - vs. - | **COMPLAINT** |
| Accuhealth Management Group Inc. d/b/a Acclaimed Mobile Health, and John Quinn | |
| Defendants. | |

Plaintiff Maximillian Sisalli by and through their undersigned attorneys, for their complaint against defendants Accuhealth Management Group Inc. d/b/a Acclaimed Mobile Health and John Quinn, alleges as follows:

**NATURE OF THE ACTION**

1.   Plaintiff Maximilian Sisalli, former employee of defendants Accuhealth Management Group Inc. d/b/a Acclaimed Mobile Health and John Quinn, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), alleges that he is entitled

to: (i) unpaid wages from defendants for overtime work for which he did not receive overtime premium pay as required by law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because the defendants' violations lacked a good faith basis.

2.   Plaintiff further complains that he is entitled to (i) back wages for overtime work for which the defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (ii) liquidated damages pursuant to New York Labor Law for these violations; and (iii) statutory damages for the defendants' violation of the Wage Theft Prevention Act.

## THE PARTIES

3.   Plaintiff Maximilian Sisalli, is an adult individual residing in Bellmore, New York.

4.   Mr. Sisalli consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).

5.   Defendant Accuhealth Management Group Inc. d/b/a Acclaimed Mobile Health is a domestic business corporation organized under the law of the State of New York (hereinafter referred to as "Acclaimed Mobile Health") with a registered principal place of business at 200 Parkway Drive South, Suite 300, Hauppauge, NY 11788.

2

6.    At all relevant times, defendant Acclaimed Mobile Health was an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

7.    At all relevant times, defendant Acclaimed Mobile Health was an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

8.    Upon information and belief, at all relevant times, defendant Acclaimed Mobile Health, has had gross revenues in excess of $500,000.00.

9.    Upon information and belief, at all relevant times herein, defendant Acclaimed Mobile Health has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

10.    Defendant John Quinn is an owner or part owner and principal of Accuhealth Management Group Inc. d/b/a Acclaimed Mobile Health, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

11.    At all relevant times, Defendant John Quinn was involved in the day-to-day operations of Acclaimed Mobile Health, and played an active role in managing the business.

12.  Defendants constituted "employers" of Plaintiff as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

13.  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

14.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the defendants' business is located in this district.

## FACTS

15.  At all relevant times herein, the defendants owned and operated Acclaimed Mobile Health, a mobile medical services business in Long Island, New York.

16.  Plaintiff Maximilian Sisalli was employed at Acclaimed Mobile Health, from approximately January 3, 2022 until May 11, 2022.

17.  Mr. Sisalli was employed as a driver and assistant operations manager for the medical rv vehicle which he would

pick up each morning and drop off each evening at 206 Fallwood Parkway, Farmingdale, NY, 11735.

18. Mr. Sisallis's work was performed in the normal course of defendant's business, was integrated into the business of defendant, and did/does not involve executive or administrative responsibilities.

19. At all relevant times herein, Mr. Sisalli was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

20. From January 3, 2022, through May 11, 2022, Mr. Sisalli worked a regular schedule four days per week, from 5:30 am until 7:00 pm from Monday to Thursday with Friday, Saturday, and Sunday off.

21. Occasionally Mr. Sisalli would also work on Fridays.

22. As a result, he was working approximately 54 hours per week during that period of his employment by the defendants, except that during the weeks when he worked on Fridays, Mr. Sisalli worked approximately 66 hours per week.

23. Mr. Sisalli was paid bi-monthly via direct deposit checks, with an annual salary rate of $65,000 throughout his employment by Defendants.

24.  During his employment by Defendants, Mr. Sisalli's bi-monthly direct deposit salary payments were incorrectly reduced by $208.33 per pay period, reflecting a lower salaried rate that Defendants had promised at the time of hire.

25.  Plaintiff received the amounts described herein above for all hours worked each week, regardless of the exact number of hours worked in a given week.

26.  The defendants failed to pay Plaintiff any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

27.  Defendants' failure to pay Plaintiff the overtime bonus for overtime hours they worked was willful, and lacked a good faith basis.

28.  Defendants failed to provide Plaintiff with a written notice providing the information required by the Wage Theft Prevention Act – including, *inter alia*, the defendants' contact information, the regular and overtime rates, and intended allowances claimed – and failed to obtain plaintiff's signature acknowledging the same, upon plaintiff's hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

29.  Defendants provided Plaintiff with an incorrect weekly record of his hours worked indicated only 40 hours per week, in violation of the Wage Theft Prevention Act.

30.  Upon information and belief, while the defendants employed the plaintiff, and through all relevant time periods, the defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

31.  Upon information and belief, while the defendants employed the plaintiff, and through all relevant time periods, the defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

## COUNT I

### (Fair Labor Standards Act - Overtime)

32.  Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

33.  At all relevant times, the defendants employed Plaintiff within the meaning of the FLSA.

34.  At all relevant times, the defendants had a policy and practice of refusing to pay overtime compensation to Plaintiff for hours they worked in excess of forty hours per workweek.

35.  As a result of Defendants' willful failure to compensate Plaintiff at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, the defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

36.  The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

37.  Due to the defendants' FLSA violations, Plaintiff is entitled to recover from the defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### (New York Labor Law - Overtime)

38.  Plaintiff, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

39.  At all relevant times, Plaintiff was employed by the defendants within the meaning of the New York Labor Law, §§ 2 and 651.

8

40.   Defendants willfully violated Plaintiff's rights by failing to pay them overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

41.   Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

42.   Due to the defendants' New York Labor Law violations, Plaintiff is entitled to recover from the defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT III

### (New York Labor Law – Wage Theft Prevention Act)

43.   Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

44.   At all relevant times, Plaintiff was employed by the defendants within the meaning of the New York Labor Law, §§ 2 and 651.

45.   Defendants willfully violated Plaintiff's rights by failing to provide him with the wage notices required by the Wage Theft Prevention Act when they were hired, or at any time thereafter.

46.   Defendants willfully violated Plaintiff's rights by failing to provide him with accurate weekly wage statements required by the Wage Theft Prevention Act at any time during their employment.

47.   Due to the defendants' New York Labor Law violations relating to the failure to provide wage notices and wage statements, Plaintiff is entitled to recover from the defendants statutory damages of $50 per day, and $250 per day for each violation respectively, for each day of his employment by the defendants, up to the maximum statutory damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully request that this Court grant the following relief:

a.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b.   An injunction against the defendants and their officers, agents, successors, employees,

10

representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

c.  A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

d.  An award of liquidated damages as a result of defendants' willful failure to pay the statutory minimum wage, overtime, and "spread of hours" compensation pursuant to 29 U.S.C. § 216;

e.  Liquidated damages for the defendants' New York Labor Law violations;

f.  Statutory damages for the defendants' violation of the New York Wage Theft Prevention Act;

g.  Back pay;

h.  Punitive damages;

i.  An award of prejudgment and postjudgment interest;

j.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

      k.  Such other, further, and different relief as this

      Court deems just and proper.

Dated: August 18, 2022

                         /s/ Michael Samuel
                         Michael Samuel (MS 7997)
                         THE SAMUEL LAW FIRM
                         1441 Broadway
                         Suite 6085
                         New York, New York 10018
                         (212) 563-9884
                         Attorneys for Plaintiff,
                         *Individually*