UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
MAXIMILIAN SISALLI,

                                              Plaintiff,

        -against-

ACCUHEALTH MANAGEMENT GROUP INC.
d/b/a ACCLAIMED MOBILE HEALTH,
and JOHN QUINN,

                                            Defendants.
----------------------------------------------------------------------X

For Online Publication Only

**ORDER**
22-CV-05013 (JMA) (JMW)

**AZRACK, United States District Judge:**

       Before the Court is Plaintiff Maximilian Sisalli's motion for a default judgment against Defendant Accuhealth Management Group Inc. d/b/a Acclaimed Mobile Health.[1] (ECF No. 14.) Plaintiff alleges that Defendant failed to: (i) pay overtime wages in violation of both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and New York Labor Law ("NYLL") §§ 650 et seq.; and (ii) provide Plaintiff with wage notices and wage statements as required by NYLL §§ 195(1) and 195(3), respectively. For the following reasons, Plaintiff's motion is GRANTED.

                                                       **I.    DISCUSSION**

**A.    Defendant Defaulted**

       Defendant was properly served with a summons and the complaint, but has not answered, filed an appearance, or otherwise defended this action. As a result, the Clerk of Court properly entered a certificate of Defendant's default on November 17, 2022. (ECF No. 10.)

**B.    Liability**

       When a defendant defaults, the Court is required to accept all factual allegations in the

---

[1]     Although Defendant John Quinn was properly served with a summons and the complaint and has not appeared or defended this action, Plaintiff did not obtain a certificate of default against him. Plaintiff seeks a default judgment solely against Defendant Accuhealth. Accordingly, Plaintiff's claims against Defendant Quinn are dismissed without prejudice.

complaint as true and draw all reasonable inferences in the plaintiff's favor. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law. Id.

The Court finds that the well-pleaded allegations in the Complaint meet the jurisdictional prerequisites of the relevant FLSA and NYLL provisions. See 29 U.S.C. § 207(a)(1); NYLL §§ 2, 190 to 199-A; see also Guerrero v. Danny's Furniture Inc., No. 19-CV-7284, 2021 WL 4155124, at *2 (S.D.N.Y. Sept. 13, 2021). The Court further finds that the allegations in the Complaint establish violations of the overtime provisions of the FLSA, see 29 U.S.C. §§ 207(a)(1), and of the overtime, wage notice, and wage statement provisions of the NYLL, see NYLL §§ 190 to 199-A, 650, 652(1), 663, 195(1), 195(3); see also Guerrero, 2021 WL 4155124, at *2.

**C.**   **Damages**

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)).

In his default judgment motion, Plaintiff seeks recovery of (i) unpaid overtime wages, (ii) unpaid back wages, (iii) prejudgment interest, (iv) liquidated damages on his unpaid overtime and back wages, and (v) statutory damages for his NYLL wage notice and wage statement claims. The Court finds that Plaintiff's submissions, including the declarations and attached exhibits, establish

2

the following damages under the NYLL[2] to a reasonable certainty:

- $3,596.62 in unpaid overtime wages under the NYLL, plus prejudgment interest at a 9% annual rate, calculated from March 8, 2022, the midpoint of Plaintiff's employment, through today's date[3];

- $3,809.46 in unpaid regular wages under the NYLL, plus prejudgment interest at a 9% annual rate, calculated from March 8, 2022, the midpoint of Plaintiff's employment, through today's date;

- $7,406.08 in liquidated damages under the NYLL;

- $5,000.00 for violation of NYLL § 195(1); and

- $5,000.00 for violation of NYLL § 195(3).

D.  **Attorneys' Fees and Costs**

Finally, Plaintiff also requests $3,297.75 in attorneys' fees and $525.00 in costs.

Plaintiff is entitled to reasonable attorneys' fees and costs under the NYLL. See NYLL § 663(1). In determining a reasonable attorneys' fees award, both the Supreme Court and Second Circuit "have held that the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a presumptively reasonable fee." Millea v. Metro–North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011) (internal quotation omitted). Such "[a] reasonable [hourly] rate is the rate that a reasonable, paying client would be willing to pay."

---

[2] The Court will award damages under the NYLL rather than under the FLSA, as the NYLL allows for greater recovery. The NYLL, unlike the FLSA, "allow[s] for recovery of unpaid wages at 'the agreed-upon rate, even if it exceeds the minimum wage.'" Shetty v. SG Blocks, Inc., No. 20-CV-00550, 2020 WL 3183779, at *5 (E.D.N.Y. June 15, 2020) (quoting Kernes v. Global Structures, LLC, No. 15-CV-659, 2016 WL 880199, at *3 (S.D.N.Y. Mar. 1, 2016)); see also Cavalotti v. Daddyo's BBQ, Inc., No. 15-CV-6469, 2018 WL 5456654, at *13–15 (E.D.N.Y. Sept. 8, 2018) (collecting cases), R&R adopted, (E.D.N.Y. Sept. 25, 2018).

[3] Under the NYLL, employees may recover prejudgment interest with respect to unpaid overtime and back wages, but not with respect to liquidated damages or violations of the wage statement or wage notice provisions. NYLL § 198(1-a); see also Teofilo v. Real Thai Cuisine Inc., No. 18-CV-7238, 2021 WL 22716, at *4 (S.D.N.Y. Jan. 4, 2021) (awarding prejudgment interest on unpaid wages, but not on liquidated damages or damages for wage statement and wage notice violations, at 9% annual rate from midpoint of plaintiff's employment through date of judgment).

3

Barrella v. Vill. of Freeport, 43 F. Supp. 3d 136, 189 (E.D.N.Y. 2014) (internal quotation omitted). "[A] district court should generally use the prevailing hourly rates in the district where it sits." Joseph v. HDMJ Rest., Inc., 970 F. Supp. 2d 131, 155 (E.D.N.Y. 2013).

"In recent years, courts have approved the following hourly rates for attorneys practicing in the Eastern District of New York: $200 to $450 for partners in law firms, $200 to $325 for senior associates, $100 to $200 for junior associates. . . . Some judges have recognized slightly higher ranges in this district of $300–$450 per hour for partners, $200–$300 per hour for senior associates, and $100–$200 per hour for junior associates." Payamps v. M & M Convenience Deli & Grocery Corp., No. 16-CV-4895, 2019 WL 8381264, at *15 (E.D.N.Y. Dec. 9, 2019) (internal citations and quotation marks omitted).

In support of the application for attorneys' fees, Plaintiff includes both a declaration from his counsel, Michael Samuel, as well as his counsel's contemporaneous billing records in this matter. (Samuel Decl., ECF No. 12; Samuel Decl. Ex. C, ECF No. 12-3.) Plaintiff requests $450 per hour for 0.5 hours of work performed by Mr. Samuel. Mr. Samuel was admitted to the New York bar in 1993 and has "litigated more than two hundred fifty wage and hour cases." (Samuel Decl. ¶ 13.) Plaintiff also requests $400 per hour for 7 hours and 41 minutes[4] of work performed by Andrew Beresin, counsel to Mr. Samuel's firm, who was admitted to practice law in 1992. (Id.) The Court finds that the rates requested and the hours expended are reasonable. See Rodriguez v. New Generation Hardware Store Corp., No. 22-CV-4422, 2023 WL 1516908, at *5 (S.D.N.Y. Feb. 3, 2023) (finding Mr. Samuel's and Mr. Beresin's requested hourly rates of $450 and $400,

---

[4] Plaintiff's counsel's billing records reflect a total of 13 hours 24 minutes expended in this case. However, the Court notes that the billing entry for July 15, 2022, titled "Phone call w/ plaintiff (Beresin)", states that the "Duration" of the call was 11 hours. This appears to be a typographical error. The "Billable Amount" for this entry, at Beresin's $400 hourly rate, is listed as only $73.25. Therefore, the Court assumes that the actual duration for this call was 11 minutes (($73.25 / $400) x 60 minutes).

4

respectively, to be reasonable in FLSA/NYLL case). Accordingly, Plaintiff is awarded $3,298.24 in attorneys' fees.

Plaintiff also requests litigation costs in the amount of $525.00. Having reviewed the Samuel Declaration and attached service of process receipt, (ECF No. 12-4), the Court determines these to be reasonable out-of-pocket expenses. See LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998) ("[A]ttorney's fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients.") (citation omitted). Thus, Plaintiff is awarded $525.00 in costs.

## II. CONCLUSION

For the reasons stated above, Plaintiff's motion for a default judgment is GRANTED.

The Clerk of Court is respectfully directed to prepare a judgment reflecting the Court's holding and setting forth Plaintiff's damages as follows:

- $7,406.08 in unpaid overtime and regular wages under the NYLL, with 9% prejudgment interest accruing from March 8, 2022;
- $7,406.08 in liquidated damages under the NYLL;
- $10,000.00 for Defendant's violation of NYLL §§ 195(1), (3).

If any amounts remain unpaid upon the expiration of 90 days following issuance of judgment, or 90 days after the expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by 15%. NYLL § 198(4).

The Court also awards attorneys' fees in the amount of $3,298.24 and costs in the amount of $525.00.

Plaintiff's counsel is directed to serve a copy of this Order and the Clerk's judgment on Defendant and file proof of service on the docket.

The Clerk of Court is respectfully directed to close this case.

**SO ORDERED.**

Dated: May 5, 2023
Central Islip, New York

                                                  /s/   (JMA)
                                          JOAN M. AZRACK
                                          UNITED STATES DISTRICT JUDGE